

| | | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Acting Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | **EUN JEE (ESTHER) KIM**<br>*Assistant Corporation Counsel*<br>Tel.: (212) 356-2340<br>Fax: (212) 356-3509<br>Email: eunkim@law.nyc.gov |

October 10, 2024

**The request for a stay is GRANTED and the case is stayed pending the resolution of the motion to revoke Plaintiff's IFP status. The City shall provide a status letter within two weeks of Judge Rochon's decision on that motion.**

**Date: 10/11/24**

SO ORDERED.
LEWIS J. LIMAN
United States District Judge

<u>VIA ECF</u>
Honorable Lewis J. Liman
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: <u>Robert Murray, as Leviticus Lucifer v. C.O. John Doe, et al.</u>,
21 Civ. 6718 (LJL)
<u>Robert Murray, as Leviticus Lucifer v. C.O. John Doe, et al.</u>,
22 Civ. 226 (LJL)

Your Honor:

I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York and the attorney assigned to the defense of the two above-referenced matters. For the reasons set forth below, Defendant City now respectfully requests a stay of the above two matters pending the Court's decision in <u>Robert Murray v. City of New York et al.</u>, 24 Civ. 4918 (JLR) (hereinafter "24 Civ. 4918"). Because Plaintiff is proceeding *pro se* in this matter and is currently incarcerated, Defendant was unable to ascertain his position with respect to this request.

By way of background, on October 4, 2024, in 24 Civ. 4918, Defendant City of New York filed a pre-motion conference letter requesting permission to file a motion to revoke Plaintiff's IFP status. (<u>See</u> 24 Civ. 4918 at Docket Entry No. 15). As set forth in Defendant City's application, this motion is based on six separate lawsuits Plaintiff previously filed that were ultimately dismissed on the grounds that they were "frivolous, malicious or failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g)." Moreover, several of these dismissals date back to 2012, which means that Plaintiff's IFP status should be revoked in all his current cases. (<u>Id</u>.) Following Defendant's application in 24 Civ. 4918, on October 7, 2024, the Honorable Jennifer L. Rochon granted Defendant City's letter motion and ordered a stay in the action "pending determination of Defendants' contemplated motion to revoke Plaintiff's in forma pauperis status." (<u>Id</u>. at Docket Entry No. 16). The Court also endorsed Defendant's proposed briefing schedule, which would conclude the briefing of that motion by December 18, 2024. (<u>Id</u>.)

Thereafter, on October 8, 2024, in two of Plaintiff's additional matters pending in the S.D.N.Y., Robert Murray v. C.O. Pratt, et al., 22 Civ. 638 and Robert L. Murray v. C.O. John Doe, et al., 22 Civ. 973, Defendant City made a request on the same ground to have those matters stayed. On October 9, 2024, the Honorable J. Paul Oetken granted Defendant's request and stayed those matters. (See 22 Civ. 638 at Docket Entry No. 75; 22 Civ. 973 at Docket Entry No. 66).

In light of the above, Defendant City now similarly respectfully requests a stay of the two above-referenced matters pending the resolution of Defendant's motion to revoke Plaintiff's IFP status.[1] As an initial matter, a stay of the instant two matters would serve the interests of judicial economy. Courts "ha[ve] a duty to deny *in forma pauperis* status to those individuals who have abused the system." In re Sindram, 498 U.S. 177, 180 (1991). The ability for an inmate to file under IFP status is a "congressionally created benefit" that should be revoked when the Court determines that the inmate is in violation of the three strikes provision of the Prisoner Litigation Reform Act ("PLRA"). Polanco v. Hopkins, 510 F.3d 152, 156 (2d Cir. 2007). If Plaintiff's IFP status is revoked, he will be required to prepay the filing fee in full to proceed with his actions, including these two actions. Failure to prepay the filing fee would lead to a dismissal of his actions. Thus, litigating these cases before the motion is decided runs the risk of this Court and the parties expending substantial time and resources on matters that will ultimately be dismissed. As noted above, both Judge Rochon and Judge Oetken have stayed Plaintiff's matters which are pending before them on this ground, and other courts in the Second Circuit have similarly stayed cases to determine whether a plaintiff's IFP status has been revoked before expending additional resources to judge the case on its merits. See Crichlow v. Annucci, 18-CV-3222 (PMH) (S.D.N.Y.), Dkt. No. 43 (granting a stay pending resolution of a motion to revoke plaintiff's IFP status). Therefore, staying the instant cases is in the interest of judicial economy.

Furthermore, a stay here would ensure consistency throughout each of Plaintiff's eight cases, as the IFP status issue affects all of them. IFP status can be revoked at any stage of litigation which can alter the trajectory of a case. See Abreu v. Farley, 415 F. Supp. 3d 342, 344, 352 (W.D.N.Y. 2019) (Court granted the motion to revoke *in forma pauperis* after denying summary judgment). If the cases are permitted to proceed while Plaintiff's IFP status is in question, the Court risks allowing Plaintiff to abuse his potentially unwarranted IFP status to bring claims to conclusion without paying the requisite filing fees. This approach would avoid conflicting schedules or rulings and promote efficient case management.

Third, there is no prejudice to Plaintiff if the stay is granted. A delay alone does not constitute prejudice. See Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983). Pleadings have yet to be closed in this matter and "[a] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action,

---

[1] As far as the current posture of these two cases, in 21 Civ. 6718, Defendant City recently submitted, on September 27, 2024, a response to the Court's *Valentin* Order and Your Honor thereafter ordered the identified officers to waive serve by October 30, 2024. (See 21 Civ. 6718 at Docket Entry Nos. 108, 109). In 22 Civ. 226, also on September 27, 2024, Defendant City requested a continuance of the stay due to Plaintiff's ongoing criminal matters; that request is still pending. (See Civ. 226 at Docket Entry No. 35).

should it continue." See Spinelli v. NFL, No. 13 CV 7398 (RWS), 2015 U.S. Dist. LEXIS 155816, 2015-2 Trade Cas. (CCH) P79, 372, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015). Additionally, Plaintiff requested a stay in one of his separate cases, Murray v. City of New York et al., 23 Civ. 458 (MGG) because he alleges the facility has forced him to take unnecessary medication. (Murray v. City of New York et al., 23 Civ 0458 at Docket Entry No. 14). Accordingly, Plaintiff cannot claim this delay would prejudice him based on his request in the separate action. Nevertheless, a slight delay is greatly outweighed by the substantial burden of discovery that would be avoided if Defendant City's motion were granted.

For these reasons, Defendant City respectfully requests that the Court stay all proceedings in the above-referenced matters pending the resolution of Defendant City's forthcoming motion to revoke Plaintiff's IFP status in the matter of Robert Murray v. City of New York, 24 Civ. 4918 (JLR).

Defendant thanks the Court for its time and consideration herein.

Respectfully submitted,

/s/ *Eun Jee (Esther) Kim*

Eun Jee (Esther) Kim
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:   **VIA FIRST-CLASS MAIL**
Robert Lee Murray
*Pro se Plaintiff*
NYSID: 06093686K
B&C: 9902300038
09-09 Hazen St (GRVC)
East Elmhurst, NY 11370

3