UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                         :

ROBERT LEE MURRAY,          :

          Plaintiff,    :

                     :        22-cv-226 (LJL)

     -v-              :

                     :      MEMORANDUM AND

DEPARTMENT OF LAW et al.,   :        ORDER

                     :

         Defendants.   :

                     :
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/18/2025

LEWIS J. LIMAN, United States District Judge:

On May 29, 2025, the Court granted the City's motion to revoke Plaintiff's IFP status. Dkt. No. 46. The Court stated that if Plaintiff did not pay the filing fee by July 1, 2025, the case would be dismissed. *Id.* The City states that it reminded Plaintiff of his deadline to pay the filing fee during a phone call on July 3, 2025. Dkt. No. 47. Plaintiff has not paid the filing fee or contacted the Court to extend the deadline. The City suggests that the Court dismiss the action or take whatever action it deems appropriate.

When a plaintiff fails to pay the filing fee despite notice from a court that he must do so, the court may properly dismiss the action for failure to prosecute. *See Waters v. Camacho*, 288 F.R.D. 70, 71 (S.D.N.Y. 2013); *Johnson v. Silva*, 2021 WL 3919412, at *1 (S.D.N.Y. July 21, 2021); *Rosado-Colon v. Comm'r of Soc. Sec.*, 2021 WL 3932360, at *1–2 (S.D.N.Y. Sept. 1, 2021). However, courts in this District generally do not dismiss an action for failure to prosecute unless the plaintiff's failure to comply with a court order lasts for several months. *See Rosado-Colon*, 2021 WL 3932360, at *1–2 (collecting cases suggesting four or more months is sufficient). The Second Circuit has recently cautioned that a pro se litigant's claim should be

dismissed only if the circumstances are "sufficiently extreme," and that the district court must make a finding of "willfulness, bad faith, or reasonably serious fault." *Romano v. Laskowski*, 2024 WL 4635227, at *3–4 (2d Cir. Oct. 31, 2024) (summary order) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 217 (2d Cir. 2014)).

Accordingly, the Court notes Plaintiff's failure to comply with the Court's order that he pay the filing fee by July 1, 2025, and orders again that Plaintiff pay the filing fee. If Plaintiff fails to do so by **September 1, 2025**, the Court will assume that Plaintiff's failure to pay the filing fee is willful, and the case will be dismissed for failure to pay the filing fee and to comply with the Court's order at Dkt. No. 46 and this Order.

Until such time as Plaintiff pays the filing fee, the City is relieved of all obligations and deadlines in this case.

SO ORDERED.

Dated: July 18, 2025
     New York, New York

_____
LEWIS J. LIMAN
United States District Judge